# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RF STAKEHOLDERS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MCGREEVY'S MIDWEST MEAT CO., INC., ) | |
| ) | CIVIL ACTION |
| Defendant, ) | |
| v. ) | No. 10-1107-KHV |
| ) | |
| CLAIR HULL, ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On April 9, 2010, RF Stakeholders LLC, formerly known as Rexford Funding, LLC, filed a complaint alleging breach of contract and unjust enrichment against McGreevy's Midwest Meat Co., Inc. ("McGreevy"). On July 6, 2010, McGreevy filed an answer and third-party complaint against Clair Hull. See Doc. #10. This matter is before the Court on the Motion for Default Judgment [Against Third-Party Defendant Clair Hull] (Doc. #13) which McGreevy filed August 13, 2010 and the Court construes as a motion for entry of default.[1]

Rule 55(a) provides for entry of default as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear

---

[1] Citing Rule 55(b) of the Federal Rules of Civil Procedure, McGreevy asks the Court to enter default judgment against Hull for failing to timely respond to its third-party complaint. McGreevy may not proceed directly to default judgment, however, before receiving an entry of default. Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, *2 (D. Kan. Aug. 1, 2007). Rule 55 contemplates a two-step process by which a party first receives an entry of default under Rule 55(a) and then applies for default judgment under Rule 55(b). Id. Because McGreevy cannot proceed directly to default judgment, the Court construes its motion as one for entry of default rather than one for default judgment. Id.; see also Life Ins. Co. of North Am. v. Jenkins-Dyer, No. 08-2129 KHV, 2009 WL 297481, at *3 (D. Kan. Feb. 6, 2009).

by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a). On July 6, 2010, McGreevy filed an answer and third-party complaint against Hull. See Doc. #10. The record indicates that on July 13, 2010, McGreevy served the summons and third-party complaint on Hull by leaving a copy with Hull's wife at his usual place of abode, see Return On Service (Doc. #12) filed July 26, 2010, which is sufficient under Rule 4(e) of the Federal Rules of Civil Procedure. Hull has subsequently failed to appear. Because Hull has failed to appear in this action, and has not contested service or opposed McGreevy's motion for entry of default, the Court finds that entry of default against Hull is appropriate.

**IT IS THEREFORE ORDERED** that the Motion for Default Judgment [Against Third-Party Defendant Clair Hull] (Doc. #13) which McGreevy filed August 13, 2010 and the Court construes as a motion for entry of default, be and hereby is **SUSTAINED**. The Clerk is directed to enter default on the third-party complaint (Doc. #10) in favor of McGreevy's Midwest Meat Co., Inc. against Clair Hull.

Dated this 1st day of October, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge