# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RF STAKEHOLDERS LLC,                )
                                    )
        Plaintiff,                 )   CIVIL ACTION
v.                                  )
                                    )   No. 10-1107-KHV
MCGREEVY'S MIDWEST MEAT CO., INC.,  )
                                    )
        Defendant,                 )
_____)

## MEMORANDUM AND ORDER

RF Stakeholders LLC, formerly known as Rexford Funding, LLC, filed suit against McGreevy's Midwest Meat Co., Inc. to collect on certain accounts receivable which Rexford purchased from Canterbury Meat Importers USA, LLC. Plaintiff asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, promissory estoppel and account stated. See Second Amended Complaint (Doc. #21) filed October 29, 2010. This matter is before the Court on RF Stakeholders LLC's Motion for Partial Summary Judgment (Doc. #29) filed November 30, 2010. For reasons stated below the Court overrules plaintiff's motion.[1]

## Legal Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome

---

[1] Defendant filed a motion to strike certain materials attached to plaintiff's reply brief. See Defendant McGreevy's Midwest Meat Co. Inc.'s Motion To Strike (Doc. #35) filed January 11, 2011. Because the Court overrules plaintiff's motion for summary judgment, the motion to strike is overruled as moot.

of the suit under the governing law." Liberty Lobby, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which it carries the burden of proof. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment." Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 251-52.

**Factual Background**

The following material facts are uncontroverted, deemed admitted or, where controverted, viewed in the light most favorable to defendant, the non-movant.

On September 17, 2008, under an Assignment Agreement, Canterbury assigned all of its

accounts receivable to plaintiff. The Assignment Agreement included accounts receivable for three invoices which Canterbury issued to defendant in November of 2008. Defendant did not make or request the three purchase orders associated with the invoices and did not receive any of the product referenced in the purchase orders. See Declaration Of William McGreevy (Doc. #33-1) ¶¶ 4-5.

On December 1, 2008, William McGreevy, a national salesman and secretary of defendant, signed a No-Offset Agreement on behalf of defendant. In the No-Offset Agreement, defendant confirmed that it received meat product which was in good order, that it approved the three invoices for payment in full and that the invoices would be paid in full within 30 days. The total of the three invoices was $183,251.75. The No-Offset Agreement notified defendant that Canterbury had assigned its accounts to plaintiff and that payment could only be made to plaintiff. The No-Offset Agreement also provided that "Rexford is reliant upon this verification to provide financing to Canterbury." After executing the No-Offset Agreement, William McGreevy faxed it to plaintiff. At some point thereafter, plaintiff extended financing to Canterbury. Despite demand, defendant has paid nothing to Canterbury or plaintiff.

## Analysis

**I. Account Stated**

Plaintiff seeks summary judgment on its claim for account stated. Plaintiff alleges that defendant entered into the No-Offset Agreement which fixed and determined the amount due with respect to its prior obligations set forth in the three invoices. See Second Amended Complaint (Doc. #21) ¶¶ 37, 39. "An account stated is an agreement, express or implied, between parties who have had previous transactions with each other, fixing and determining the amounts due in respect to such transactions, and, when made, such account stated becomes a new agreement and takes the place of the obligations resting upon either party by reason of the prior account." Continental Am. Corp. v. Pac. Balloon Co., Inc., 8 Kan. App.2d 438, 440, 660 P.2d 84, 86 (1983) (quoting Harrison v.

-3-

Henderson, 67 Kan. 202, 205, 72 P. 878, 879 (1903)).

Defendant argues that plaintiff has not shown as a matter of law that the parties had any prior dealings or "previous transactions." Plaintiff maintains that (1) Canterbury provided meat product to defendant under three purchase orders in the total amount of $183,251.75 and (2) Canterbury assigned its accounts receivable including its rights to collect on the three purchases orders from defendant. Defendant correctly notes that plaintiff has not cited admissible evidence in support of its contentions. Plaintiff argues that it relied on a paragraph in its Second Amended Complaint (Doc. #21) which in turn relied on purchase orders, bills of lading and invoices which were attached to the second amended complaint. See RF Stakeholders LLC's Reply In Support Of Partial Summary Judgment (Doc. #34) filed January 4, 2011 at 3. Under D. Kan. Rule 56.1(d), however, "[a]ll facts on which a motion or opposition is based must be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories, and responses to requests for admission." No provision in the Federal Rules of Civil Procedure or the Local Rules for the District of Kansas allows a party to simply attach a document as an exhibit with no supporting affidavit, deposition testimony, or other relevant authentication. In addition, viewing the evidence in a light most favorable to defendant, defendant did not make or request the three purchase orders and did not receive any of the product referenced in the purchase orders. See Declaration Of William McGreevy (Doc. #33-1) ¶¶ 4-5. A disputed issue of fact exists whether plaintiff had any "previous transactions" with defendant.[2] Accordingly, the Court overrules

---

[2] Ordinarily, an assignee of a creditor may adequately plead a claim for account stated based on the debtor's agreement with the original creditor. See Mtn. Peaks Fin. Servs., Inc. v. Roth-Steffen, 778 N.W.2d 380, 387 (Minn. Ct. App. 2010) (assignee of creditor had "debtor-creditor relationship" sufficient to establish account stated); Eaves v. Unifiund CCR Partners, 301 S.W.3d 402, 408 (Tex. App. - El Paso 2009) (plaintiff did not show that defendant, as assignee of right to collect on account, could not bring cause of action on stated account); see also Allstate Fin. Corp. v. Utility Trailer of Ill., Inc., No. 92-C-3477, 1992 WL 245525, at *2 (N.D. Ill. Sept. 22, 1992)
(continued...)

plaintiff's motion for summary judgment on its claim for account stated.

**II.     Breach of Contract**

Plaintiff seeks summary judgment on its claim for breach of contract. Plaintiff alleges that defendant breached the No-Offset Agreement by failing to pay the amounts due and owing under the three invoices.[3] See Second Amended Complaint (Doc. #21) ¶¶ 14, 16. Defendant argues in part that the No-Offset Agreement lacks valid consideration.

Every legally enforceable contract must be supported by adequate consideration. See Dugan v. First Nat'l Bank, 227 Kan. 201, 211, 606 P.2d 1009, 1017 (1980); Mitchell v. Miller, 27 Kan. App.2d 666, 672, 8 P.3d 26, 31 (2000). Consideration is defined as some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other. 17A Am. Jur.2d, Contracts § 113, p. 129. A promise is without consideration when it is given by one party to another without anything being bargained for and given in exchange for it. Varney Bus. Servs., Inc. v. Pottroff, 275 Kan. 20, 32, 59 P.3d 1003 (2002). Plaintiff asserts that the consideration was the resolution of any outstanding disputes regarding the transaction between defendant and Canterbury. As explained above, however, viewing the evidence in a light most favorable to defendant, defendant did not make the three purchase orders and did not receive any of the product referenced in the purchase orders. See Declaration Of William McGreevy

---

[2](...continued)
(assignee adequately pled claim for account stated based on debtor's agreement of outstanding sum to original creditor). Cf. Brookridge Funding Corp. v. N.W. Human Servs., Inc., No. 3:99-cv-2339-CFD, 2004 WL 1897004, at *5 n. 11 (D. Conn. Aug. 18, 2004) (unclear whether account stated can be asserted by third party to prior transaction), rev'd in part on other grounds, 170 Fed. Appx. 170 (2d Cir. 2006).

[3]     Plaintiff also alleges that defendant breached the Assignment Agreement by failing to pay the amounts due and owing under the three invoices. See Second Amended Complaint (Doc. #21) ¶¶ 14, 16. Defendant was not a party to the Assignment Agreement and plaintiff has not explained how it should prevail as a matter of law on its claim for breach of that agreement.

(Doc. #33-1) ¶¶ 4-5. Absent an underlying transaction between defendant and Canterbury, plaintiff cannot show as a matter of law that defendant's alleged agreement to pay was supported by adequate consideration. The Court therefore overrules plaintiff's motion on its claim for breach of contract.

## III.    Promissory Estoppel

Plaintiff seeks summary judgment on its claim of promissory estoppel. Plaintiff alleges that it reasonably relied on defendant's assurance in the No-Offset Agreement in extending financing to Canterbury. See Second Amended Complaint (Doc. #21) ¶¶ 30-31. To prove promissory estoppel, plaintiff must show that (1) defendant promised to pay the amount specified in the three invoices; (2) defendant intended and reasonably expected plaintiff to act on its promise; (3) plaintiff acted reasonably in relying on the promise; and (4) a refusal to enforce the promise would sanction the perpetration of fraud or otherwise result in injustice. See Templeton v. Kan. Parole Bd., 27 Kan. App.2d 471, 474-75, 6 P.3d 910, 913 (2000); EDO Corp. v. Beech Aircraft Corp., 911 F.2d 1447, 1454-55 (10th Cir. 1990).

Plaintiff has presented evidence that it extended financing to Canterbury in reliance on defendant's promise in the No-Offset Agreement, but it has not presented sufficient evidence for the Court to conclude as a matter of law that defendant intended and reasonably expected plaintiff to act on its promise, that any such reliance was reasonable or that the Court's refusal to enforce the promise would "sanction the perpetration of fraud or result in other injustice." Templeton, 27 Kan. App.2d at 474-75, 6 P.3d at 913; see Glasscock v. Wilson Constructors, Inc., 627 F.2d 1065, 1067 (10th Cir. 1980) (applying promissory estoppel where it flowed from findings of fact by jury); Howard Wyman Co. v. Provimi Veal Corp., No. 90-1465-K, 1991 WL 257090, at *7 (D. Kan. Nov. 9, 1991) (issue whether reliance was reasonable under circumstances is question of fact properly left for factfinder). Plaintiff bears the burden of proving these elements at trial and its

motion for summary judgment does not address these basic elements of its claim.[4] See Moore's Federal Practice (3d) § 56.11[1][b] (claimant bears burden of persuasion to obtain judgment, making summary judgment in favor of plaintiff less likely than for defendant, since plaintiff must show not only lack of material factual dispute but also that under undisputed facts, no reasonable judge or jury could find against plaintiff as a matter of law).  To survive summary judgment, defendant need only show why plaintiff's evidence, when viewed in the light most favorable to defendant, is insufficient to establish that a reasonable jury or judge would always find in plaintiff's favor.  See Celotex, 477 U.S. at 324-26.  As explained above, plaintiff has not presented evidence which addresses several of the elements of promissory estoppel.  The Court therefore overrules plaintiff's motion for summary judgment on its claim of promissory estoppel.

**IT IS THEREFORE ORDERED** that RF Stakeholders LLC's Motion for Partial Summary Judgment (Doc. #29) filed November 30, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant McGreevy's Midwest Meat Co. Inc.'s Motion To Strike (Doc. #35) filed January 11, 2011 be and hereby is **OVERRULED**.

Dated this 3rd day of May, 2011 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge

---

[4] For example, plaintiff does not include evidence of (1) how much financing it extended to Canterbury relative to the amount which defendant allegedly owed, (2) the impact of other factors which plaintiff relied on in extending financing to Canterbury, and (3) the amount of money, if any, it lost by extending financing to Canterbury.